UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROBERT WHITESELL, JR.    )
                         )
     Plaintiff,          )
                         )
v.                       )    CAUSE NO. 2:04CV7461
                         )
BOARD OF TRUSTEES OF     )
PURDUE UNIVERSITY, PURDUE)
UNIVERSITY CALUMET,      )
                         )
     Defendants          )

## COMPLAINT

**COMES NOW** Plaintiff, Robert Whitesell, Jr., by counsel, and as a cause of action against the Defendants, Board of Trustees of Purdue University and Purdue University Calumet states as follows:

1.   This complaint is brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's procedural due process right and pursuant to state law for violation of Plaintiff's procedural and substantive due process rights under the State Constitution, defamation, intentional and negligent infliction of emotional distress, intentional interference with prospective business and contractual advantage, intimidation, and breach of employment contract.

2.   Plaintiff, Robert Whitesell, Jr. is a resident of Hammond, Indiana.

3.   Defendant Purdue University Calumet is a State of Indiana school with a campus in Hammond, Indiana.

4.   In August, 2001, Whitesell began attending Purdue University Calumet as a freshman. In March, 2002, Whitesell began a work study job at the Computer Technology and Information

-1-

Systems Customer Services Center. His position was technical support.

5.  During his time at this position, Whitesell received a positive letter of recommendation from the CSC administrator, Nicholas Piatek. After the Spring semester ended, Whitesell was offered the same position for the next two semesters of school.

6.  On September 29, 2002, Purdue University Calumet's system was accessed and a student's account was used to send emails to the student's professors, then the student's entire account was deleted.

7.  On September 30, 2002, the registrar withdrew Whitesell from all his classes without warning.

8.  On October 1 or 2, 2002, Whitesell was not allowed to return to work.

9.  On October 3, 2002, Joe Morales, a staff member of Purdue University Calumet, reported to the university police that Whitesell may have committed a computer related crime.

10. Whitesell subsequently had an appointment with Dean Bryant. He told Whitesell he could not release any information because Assistant Dean, Sarah Howard, was handling it.

11. On October 9, 2002, Whitesell received a letter from Sarah Howard, Dean of Students, telling Whitesell that he was accused of misconduct and that he must attend an investigation hearing in her office about the misconduct. Whitesell was not told what he was being investigated for and around this time he was asked to leave from his student worker position without notice or any opportunity to be heard.

12. At the hearing on October 17, 2002, in Howard's office, Whitesell and Howard were the only people in attendance. Whitesell's father was not allowed into the meeting. This was the first time Whitesell was informed that he was being accused of logging into the Purdue University

Calumet system and deleting another student's file. He was not presented with any evidence that he had done this and did not have an opportunity to defend himself because this was the first time he was informed of the accusation.

13. At some point throughout this supposed investigation, Whitesell was withdrawn from all his classes without his knowledge.

14. On October 25, 2002, Whitesell attended another hearing where he was told he was suspended from school and was found guilty of the accusations against him. He was again not presented with any evidence of any wrongdoing.

15. On October 30, 2002, Whitesell was questioned by the Purdue University Calumet Police. He was told by the police that he must submit for questioning or he would be arrested. He was ill at the time because of a severe ear infection and because it was the weekend and had not seen a doctor at that point.

16. The Purdue University Calumet Police questioned him for around an hour and forty five minutes. During this time, Whitesell continually denied the charges. The police officers questioning him finally told him that if he confessed he would be able to come back to school. Because Whitesell had a scholarship, school was very important to him and due to his illness he wanted to leave as soon as possible, so he gave a written confession. Whitesell wrote out what the police officers instructed him to write.

17. Around this time, Whitesell sent a letter of appeal to the school to appeal the suspension and his confession. An appeals hearing was set for December 13, 2002.

18. At the appeals hearing Whitesell was again not allowed to see any evidence against him and he was not permitted to fully question any of the witnesses against him. At this hearing

Whitesell's suspension was again upheld.

19. After the hearing and on the same day, Whitesell was arrested for committing a computer related crime. On January 30, 2003, he was given a deferred adjudication by the Court.

20. Because Whitesell was suspended for two years from Purdue University Calumet, he began attending Ivy Tech College. When he requested an official transcript from Purdue University Calumet he was at first unable to get the transcript because it was on hold due to the suspension. This negatively affected his grades at Ivy Tech College.

21. Whitsell was given a student worker job at Ivy Tech in May, 2003 but two days later, after contacting Purdue University Calumet as his former employer, Whitesell was terminated. The reason for the termination was purportedly theft of computers yet no other action was taken regarding this accusation. When speaking with Dean Culmer of Ivy Tech about the termination, the Dean remarked that it was funny how Whitesell had problems at Purdue University Calumet also.

22. Because of the situation with the work study position, Whitesell received a letter from the Federal government claiming that he had been overpaid or was in default of a student loan. Whitesell had no knowledge of what this notice meant. When he contacted the financial office of Ivy Tech, he was told that it was due to a mistake from Purdue University Calumet. Whitesell ended up having to pay the government the amount they claimed he owed.

23. In January, 2004, Whitesell applied for a job with UPS. After his initial interview, he was given a tour of the facilities and told what type of work boots to buy. Whitesell purchased the boots because he was led to believe that he would be hired. However, after contacting his former employer, Purdue University Calumet, Whitesell was told that he would not be hired after all.

24. At this point, Whitesell's student record also reflects his suspension from Purdue

University Calumet.

25. Due to the violations of Whitesell's Federal and State constitutional rights of due process, Whitesell seeks injunctive relief to remove the defamatory reasons for the termination of his employment, remove the suspension from his record, and to prohibit any employee of Purdue University Calumet from making statements regarding these events.

26. Whitesell also seeks damages for loss of employment opportunities and the negative effect this event has had on his grades and his emotional state.

**WHEREFORE**, Plaintiff, Robert Whitesell, Jr., prays for judgment, jointly and severally, against the Defendants for equitable and injunctive relief, for loss of employment opportunities, for physical, mental, and emotional pain and suffering, for costs of this action, attorney fees, and any and all other just and proper relief.

### JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

_____
Nathaniel Ruff, #6389-45
Attorney for Plaintiff
9111 Broadway, Suite C
P.O. Box 11390
Merrillville, IN 46411-1390
Tel: (219) 738-2949